J. FRANK TAYLOR, *Petitioner*, v. MOSES S. PENTON, Sheriff of Escambia County, Florida, *Respondent*.

Division A.

Opinion filed May 13, 1930.

*Carter & Yonge* and *Philip D. Beall*, for Petitioner;

*Fred H. Davis*, Attorney General, and *Roy Campbell*, Assistant, for Respondent.

TERRELL, C. J.—Petitioner seeks release by *habeas corpus* from an information grounded on Chapter 14029, Acts of 1929, Laws of Florida. The material part of the information is as follows:

"Did then and there unlawfully, and within the limits of the closed season from October 1 to November 15, as established by law for Escambia County, Florida, have in his possession a large number of certain fish known as mullet, the exact quantity being to informant unknown, which said mullet had been lawfully caught in the waters of the State of Alabama,

and lawfully transported from said State of Alabama to the border or boundary of Escambia County, Florida, unlawfully transported to the place of business of said Frank Taylor in said Escambia County, Florida, and by said Frank Taylor held in his possession in Escambia County, Florida, to fill such orders as might be received for shipment to buyers in States other than the State of Florida.''

It is contended here that this information is bad because Chapter 14029, Acts of 1929, is not broad enough in terms to make it a crime to take, have in possession or sell mullet caught outside of Escambia County, that if broad enough in terms to cover mullet taken outside of Escambia County it is void because of direct interference with interstate commerce and that the said Act is arbitrary and unreasonable.

The title to Chapter 14029, Acts of 1929, is as follows:

''An Act to Regulate the Fishing Industry in the Salt Waters of Escambia County; to Regulate the Size of Bar, Mesh and the Length of Nets and Seines Used in the Salt Waters of Escambia County, and to Repeal all Acts in Conflict Therewith.''

Inspection of both the title and the body of the Act discloses that its purpose was to ''regulate the fishing industry in the salt waters of Escambia County.'' It does not in terms or by fair implication extend to fish caught in any other waters than those of Escambia County. The information alleges that the fish or mullet which the petitioner is unlawfully in possession of were ''lawfully caught in the waters of the State of Alabama.''

Some courts have adopted the rule that a statute like the one under review can have no application to fish taken

in another state unless made so by express language, while other courts hold that the penalty for taking, having in possession, or selling game or fish applies to all game or fish whether domestic or foreign. 12 R. C. L. 696 citing cases supporting both rules. This Court is committed to the former rule. White v. State, 93 Fla. 905, 113 So. R. 94. The reason for the rule being that such statutes are penal and should punish only those acts which are specifically condemned.

The contention that the Act assaulted is void because of interference with interstate commerce is settled contrary to such contention by White v. Penton, 92 Fla. 837, 110 So. R. 533.

There being no provision in Chapter 14029, Acts of 1929, evidencing a legislative intent to extend its terms to fish or mullet taken beyond the waters of Escambia County the exceptions to the return to the writ must be and are hereby sustained.

The petitioner is therefore discharged.

ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.